UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICKELL MCDOWELL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 08-cv-380-JPG-DGW |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendant Illinois Central Railroad Company ("Illinois Central") to transfer this case to the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1404(a) (Doc. 8). Plaintiff Mickell McDowell ("McDowell") has responded to the motion (Doc. 14), and Illinois Central has replied to that response (Doc. 19).

**I.  Background**

McDowell brought this case in the Southern District of Illinois under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* He seeks compensation for injuries sustained when he tripped on a loose metal strip in a locomotive and fell on August 20, 2006, in McComb, Mississippi, while working as an engineer for Illinois Central. He sought immediate medical treatment in McComb, then elsewhere, including in St. Louis, Missouri. McComb is in the Southern District of Mississippi and is over 500 miles from Benton, Illinois, where McDowell filed this case. Illinois Central filed this motion to transfer venue to the Southern District of Mississippi for the convenience of the parties and witnesses and in the interest of justice. McDowell maintains that a transfer of venue is not warranted.

## II. Transfer Standards

Illinois Central does not contest that venue is proper in the Southern District of Illinois under 28 U.S.C. § 1391 or 45 U.S.C. § 56 and therefore does not seek a change of venue pursuant to 28 U.S.C. § 1406, which governs transfer or dismissal when venue is improper. *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964). Indeed, Illinois Central is an Illinois corporation with its headquarters in the Northern District of Illinois and business operations in the Southern District of Illinois. Therefore, under 28 U.S.C. § 1391(c), it is deemed to be a resident of, among other districts, the Southern District of Illinois and subject to venue here.[1]

Instead, Illinois Central relies exclusively on 28 U.S.C. § 1404(a), under which a district court may transfer a civil action to any other district where the action might have been brought originally "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The decision to transfer a case is left to the discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen*, 376 U.S. at 622; *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In deciding a § 1404(a) motion to transfer, the Court should consider a number of case-specific factors such as, for example, the convenience of the potential transferee forum to the parties and witnesses and the interests of justice in general. *Stewart*, 487 U.S. at 29-30; *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen*, 376 U.S. at 622). "The movant . . . has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient," *Coffey*, 796 F.2d at 219-20, and the Court must give some weight in favor of the forum in which the plaintiff chose to file

---

[1]Venue is also proper in the Southern District of Mississippi where Illinois Central has substantial business operations.

2

the complaint, *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982).

Even if the circumstances indicate that a transfer would be clearly more convenient to the parties and witnesses, a court may still refuse to transfer the case if it is not in the interest of justice. *Coffey*, 796 F.2d at 220; *Van Dusen*, 376 U.S. at 625. "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system," including where the litigants are more likely to receive a speedy trial. *Coffey*, 796 F.2d at 221.

### III. Analysis

In light of the particular circumstances of this case, the Court finds that Illinois Central has met its burden of showing that the Southern District of Mississippi is clearly more convenient than the Southern District of Illinois and that a transfer of venue to the Southern District of Mississippi is in the interest of justice.

#### A. Plaintiff's Chosen Forum

The plaintiff has chosen to file this lawsuit in the Southern District of Illinois. Ordinarily the Court should give this factor substantial weight and should rarely transfer a case from the plaintiff's selected forum. *In re National Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003). However, the importance of the plaintiff's choice of forum is reduced when the plaintiff does not live in the forum, few relevant events occurred in the forum and other factors weigh heavily in favor of a transfer.

At the time of his accident, McDowell and his family lived in the Southern District of Mississippi, and the accident and the most immediate medical treatment occurred in the Southern District of Mississippi. Other medical treatment occurred in Missouri and possibly other locations which are not disclosed in the record. There is nothing in the record that points to any

3

connection between the events in this case and the Southern District of Illinois. Therefore, the Court gives little weight to McDowell's choice of forum in the Southern District of Illinois.

  B. <u>Convenience to the Witnesses</u>

It is clear that it is more convenient to the witnesses having the most relevant testimony to try this case in the Southern District of Mississippi rather than the Southern District of Illinois.

As for the fact witnesses, many relevant witnesses reside in or very close to the Southern District of Mississippi: the conductor/foreman at the time of the incident who saw the locomotive and McDowell immediately after the incident (Chris Spitchley), the Illinois Central officer notified at the time of the incident (J.R. Kyzar), the incident investigators (W.R. Pittman and Winky Freeman), the trainmaster who contacted McDowell about the investigation (Frank A. Elkins, Jr.), the person who inspected the locomotive the day before the incident (Durl White), the person who inspected the locomotive after the incident (R.D. Skibinski), the Illinois Central risk mitigation officer responsible for handling McDowell's claim (Bret McCullough) and McDowell's local union chairman who knows about the terms and conditions of McDowell's employment and parts of the investigation (J.L. Dickerson). All but one of the foregoing resides in the Southern District of Mississippi; Elkins resides in Southern Louisiana about 40 miles outside the Southern District of Mississippi. Other fact witnesses have not disclosed where they reside: two Illinois Central engineers who noticed the loose metal strip before McDowell's accident (C.E. Hodges and T.D. Hall). There is no evidence that any of these witnesses live or work in the Southern District of Illinois.

Illinois Central notes that its operations would be disrupted if its employee witnesses residing in or around the Southern District of Mississippi were forced to travel hundreds of miles to the Southern District of Illinois for a trial. Furthermore, the most direct routes for such travel

(by airplane, car or train) would require passing through Jackson, Mississippi, the site of the Southern District of Mississippi's main courthouse. Nevertheless, Spitchley, Hodges, Dickerson and Hall have offered affidavit testimony that it is not inconvenient for them to travel to the Southern District of Illinois. The Court does not give those affidavits much weight, however, since they do not speak to the *relative* convenience of the two judicial districts, and it is absurd to think it would be more convenient to pass through a place to an ultimate destination hundreds of miles further than it would be to go to the place itself. It would be clearly more convenient for the aforementioned witnesses who live in or near the Southern District of Mississippi and less disruptive to the defendant's business to try this case in the Southern District of Mississippi. Those witnesses will offer important testimony, and their convenience should be given great weight.

As for the medical witnesses, immediately after McDowell's fall, he sought medical treatment at a hospital in McComb and continued to seek follow-up treatment from neurologist Dr. Joseph W. Farina, Jr. and Anazia Medical Clinic in McComb. It was not until September 27, 2006, after retaining counsel from Illinois, that McDowell saw neurologist Dr. Joseph Hanaway in St. Louis, Missouri. He has also been treated by three other doctors (Dr. Edwin Wolfgram, Dr. George Schoedinger and Dr. Brick Johnstone) who do not disclose their specialties, the nature and extent of their treatment of McDowell or where they reside but who have submitted sworn statements that traveling to Mississippi for a trial would be inconvenient.

Testifying in the Southern District of Mississippi instead of the Southern District of Illinois would clearly be more convenient to the witnesses to McDowell's medical condition and treatment immediately following the accident. However, it is likely that testifying in the Southern District of Illinois, which borders on St. Louis, Missouri, would be more convenient to

5

Dr. Farina and any other treating doctors from Missouri. With respect to the medical witnesses, this factor appears to be a wash and is rendered somewhat less important by the fact that medical witness testimony is often presented by video deposition and does not require personal appearance at trial.

Furthermore, it appears that all of the medical witnesses may be outside the subpoena power of the Court because they are outside the Southern District of Illinois and the state of Illinois and are more than 100 miles from the courthouse in Benton, Illinois. *See* Fed. R. Civ. P. 45(b)(2). In the Southern District of Mississippi, at least some of the medical witnesses would be accessible through that court's subpoena power.

McDowell has also named a number of other individuals from Illinois and Tennessee who either (1) have no relevant information because they were not involved in investigating the accident (Lewie Steinkirk, Bill Blankinship and Kelly Clough) or (2) may have relevant information, although it appears that the information they could have would be primarily in documentary form or cumulative of another witness with a closer connection to the incident (David Beer, Jim Danielwicz, Richard K Radek, J.R. Koonce, Hallie D. Burhoe and Illinois Central Hospital Association). The Court gives minimal weight to the convenience of those witnesses because they do not appear to be of great importance to this case.

Finally, that inspections or repairs to the locomotive at issue could conceivably have happened in the Southern District of Illinois or that the locomotive itself could at some time during the litigation be in the Southern District of Illinois does not provide a persuasive reason that trial here would be more appropriate than in another district with more and stronger connections to the issues in this case.

For these reasons, the Court finds that it is clearly more convenient for the parties and the

most important witnesses for this case to be heard in the Southern District of Mississippi despite McDowell's decision to file the case in the Southern District of Illinois.

C. Interest of Justice

The interest of justice does not warrant a contrary decision. McDowell argues that he will receive a speedier trial in the Southern District of Illinois and cites a Federal Court management statistical report showing the median time from civil case filing to trial in 2006 was five and a half months shorter in this district (20.0 months) than in the Southern District of Mississippi (25.5 months). However, McDowell neglects to cite the more recent 2007 statistics showing the median time from civil case filing to trial was more than eight months shorter in the Southern District of Mississippi (23.4 months) than in this district (31.5 months).

To the extent the 2007 statistics showing the median time from civil case filing *to disposition* (which includes civil cases not resolved by trial) is shorter in the Southern District of Illinois (8.5 months) than in the Southern District of Mississippi (10.8 months), the Court finds the two-month difference insignificant.

Furthermore, in light of the variations from year to year in the historic median times to disposition or trial – the Southern Districts of Illinois and Mississippi have flip-flopped numerous times as to which is speedier with respect to each statistic – the Court is hesitant to place much value on a single year's statistics.

In any case, the Court believes the difference in median time from complaint to disposition or trial is not a very reliable indicator of how long this *particular* case will take to try and, even if it were, does not justify keeping the case in this district in light of all the other circumstances favoring a transfer to the Southern District of Mississippi.

The Court is further mindful that the United States District Court for the Southern

District of Mississippi has a strong interest in resolving cases involving plaintiffs who reside and accidents that occur in that district. This interest is greater than this Court's interest in resolving cases involving defendants who conduct business in Illinois.

Other relevant factors such as a court's familiarity with the relevant law, a federal statute litigated frequently in both districts, favor neither district.

In sum, the interests of justice do not weigh in favor of keeping this case in this district and do not overcome the clear convenience of litigating this case in the Southern District of Mississippi.

## IV. Conclusion

For these reasons, the Court finds that the convenience of the witnesses and the parties and the interests of justice favor litigating this action in the Southern District of Mississippi. Accordingly, the Court **GRANTS** the motion (Doc. 8) and **TRANSFERS** this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of Mississippi.

**IT IS SO ORDERED.**
**DATED: December 4, 2008**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**